UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES**

v.     605CR008

**KERRY LIPSEY**

## ORDER

This Court denied defendant Kerry Lipsey's motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2). Doc. # 27.[1] He now appeals, doc. # 28, and moves for leave to appeal *in forma pauperis* (IFP), plus a free transcript. Doc. ## 29, 31-32.

With respect to his IFP motion, defendant is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). Lipsey, a pauper, therefore must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

In its Order denying Lipsey's § 3582(c)(2) motion, the Court declined to reduce his 160-month sentence:

> For the same reasons cited at the defendant's original sentencing, the Court will not reduce the defendant's sentence. After carefully considering the factors identified at 18 U.S.C. § 3553(a), the Court believes a sentence of 160 months is appropriate in this case.

Doc. # 27.

Those "same reasons" are not reflected on any currently accessible record. The record of Lipsey's 12/7/05 sentencing-hearing is currently bottled up in the court reporter's recording and may be transcribed into plain English "[u]pon the request of any party ... who has agreed to pay the fee therefor...." 28 U.S.C. § 753(b). Lipsey wants a transcript without the fee. Doc. # 31-32.

The Government, meanwhile, conceded that Lipsey was entitled to a reduction -- if this Court was inclined, upon the exercise of its discretion, to grant it. Doc. # 26 at 3 ("Lipsey is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence").

Lipsey presumably wants the transcript to show on appeal how this Court abused its

---

[1] On 12/8/05, the Court sentenced Lipsey to 160 months upon his guilty-plea conviction to one count of violating 21 U.S.C. § 841 (a)(1). Doc. # 23. However,

> [on 11/1/07] the [U.S.] Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in [United States Sentecing Guidelines (U.S.S.G.)] § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id*. The Commission made this amendment retroactively applicable, effective as of [3/3/08]. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

*U.S. v. Moore*, ___ F.3d ___, 2008 WL 4093400 at * 1 (11th Cir. 9/5/08). Defendants, then, may invoke the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). *See U.S. v. Smith*, 2008 WL 2148075 at * 1 (E.D.Wis. 5/21/08) (unpublished). Lipsey invoked that remedy to reduce his sentence.

discretion in denying his § 3582(c)(2) motion. *See, e.g., U.S. v. Arnold*, 2008 WL 4411525 at *1 (5th Cir. 9/30/08) (unpublished) (applying abuse of discretion standard to review a district court's denial of a § 3582(c)(2) motion). However, in his appellate filings he cites no issues on appeal, doc. ## 28, 29, 30-32, and thus no indication that the transcript will bear him any appellate fruit. Nor does he cite any authority for this Court to grant him a free transcript (he seeks no habeas corpus relief).[2]

The Court therefore *DENIES* defendant Kerry Lipsey's IFP motion, doc. # 29, and also *DENIES* his motion for a free transcript. *Cf. Wright v. U.S.*, 948 F.Supp. 61, 62 (M.D.Fla. 1996) (Plaintiff proceeding IFP is responsible for paying any costs of any depositions that he conducts including court reporter fees and costs for transcriptions of oral deposition).

Finally, the Government is directed to re-check the spelling of Lipsey's name. He signs his name "Lipsey" (doc. # 29) yet the Government indicted him as "Lipsy," doc. # 4, which in turn has compelled the Clerk to stick with "Lipsy" (on docketing all docket entries in this case) ever since. Within 10 days of the date this Order is served the Government shall, if it confesses transpositional error, present the Court with an Order amending all "Lipsy" filings to "Lipsey."

This __14__ day of October, 2008.

_B. Avant Edenfield_
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] For habeas cases Congress has spoken:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. For all other cases, the case law is mixed. *See generally*, 2 M.B. MUSHLIN, RIGHTS OF PRISONERS § 11.11 (2002 & 2007-08 Supp.) (illuminating "Catch 22" requirement that, for a free transcript a defendant or petitioner must show a particularized need; yet "a prisoner may need a copy of the transcript in order to show a particularized need for a copy of the transcript"). Absent statutory or binding appellate precedent dictating otherwise, the Court holds that for miscellaneous collateral appeals such as is the case here, *Congress* should decide (as it did with § 2250) whether the taxpayers should bear such expense.